UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER OTIS MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:15-cv-02084 Jury Demand |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 12/2/2015 |
| ELIZABETH A. HERMAN, ) | Description: Pro Se Gen. Civil (F Deck) |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed with prejudice.

Plaintiff brings this civil rights action against Elizabeth A. Herman, Deputy Bar Counsel, Compl. ¶ 3, in both her individual and official capacities, *id.* ¶ 4, based on her alleged refusal to address some – but not all – of his complaints against Michael Richard Pauze, *id.* ¶ 7, the Assistant United States Attorney who prosecuted plaintiff's criminal case in the United States District Court for the District of Maryland prior to its transfer to the United States District Court for the Eastern District of Virginia, *id.* ¶ 8. Generally, plaintiff asserts that Pauze was aware of and failed to disclose a conflict of interest, *i.e.*, that plaintiff's defense counsel also had represented the prosecution's chief witness at plaintiff's bail revocation hearing. *See id.* ¶¶ 9-14. He does not "challenge the defendant's ruling dismissing that claim," *id.* ¶ 17, but he faults the defendant for not pursuing his other complaints against Pauze, *see id.* ¶¶ 18-20, 23-28. Plaintiff demands declaratory and injunctive relief. *Id.* ¶ 32.



"The Office of Bar Counsel ('Bar Counsel') performs the prosecutorial function of the attorney disciplinary system" in the District of Columbia. *Thomas v. Knight*, 257 F. Supp. 2d 86, 89 (D.D.C. 2003), *aff'd*, No. 03-7041, 2003 WL 22239653 (D.C. Cir. Sept. 24, 2003). Bar Counsel, his assistants and employees are absolutely immune from suit "for conduct based on the exercise of their official duties." *Id.* at 94 (citing D.C. Bar Rule XI, § 19(a)). Defendant's alleged conduct necessarily falls within the scope of her official duties and, therefore, she is absolutely immune from suit.[1] *See Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 192-93 (D.D.C. 2005). Accordingly, the Court will dismiss the complaint in its entirety. *See id.* at 192; *see also Jones v. Louisiana State Bar Ass'n*, 738 F. Supp. 2d 74, 81 (D.D.C. 2010) (dismissing claims against D.C. Bar).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: November 23, 2015

Reggie B. Walton
United States District Judge

---

[1] Nothing in plaintiff's complaint supports the assertion that defendant acted in any capacity other than her official capacity.